# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT BOWLING GREEN

**CHARLES WAYNE BISHOP, JR.**                                   **PLAINTIFF**

**v.**                                   **CIVIL ACTION NO. 1:10-CV-P81-M**

**GERALD STEPHENS**                                   **DEFENDANT**

## <u>MEMORANDUM OPINION</u>

Plaintiff, Charles Wayne Bishop, Jr., filed a *pro se* complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390-97 (1971) (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

## I. <u>SUMMARY OF CLAIMS</u>

Plaintiff sues Defendant, Gerald Stephens, a U.S. Probation Officer in his individual and official capacity. He states that on March 8, 2010, he was incarcerated at the Warren County Regional Jail and that on March 17, 2010, Defendant issued an erroneous detainer against him at that facility. He states that he directed his family to contact Defendant on March 9, 2010. Plaintiff states: "When this contact was made, defendant stated to Plaintiff's family that plaintiff was 'worthless' and that he (defendant) 'would keep him in jail the rest of his life if it was up to [him]" and for plaintiff's family to '... mind [their] own f**king business...'"

He states that on March 12, 2010, Defendant and his agency contacted the Warren District Court. Plaintiff then filed a motion to lift the erroneous detainer due to the assignment of a stale surety bond.

Plaintiff further states that the United States filed a response to his motion in his criminal case and Defendant intentionally withheld pertinent information to deliberately mislead the Court concerning the detainer. Plaintiff states, "Only after Plaintiff's filing of a counter-rebuttal exposing the concealed information did defendant provide any information to the U.S. Attorney" and the U.S. Attorney then informed the Court that in fact on February 17, 2010, an arrest warrant was issued for Plaintiff due to his fugitive status and that the warrant was subsequently lodged as a detainer.

Plaintiff next alleges that on March 16, 2010, a friend of his contacted Defendant who told her "'why are you trying to get him out; you'll regret it." Plaintiff then states that on March 19, 2010, he was told by the Warren County Jailer that if he tried to contact Defendant he would be put into segregation. He states, "These prevalent violations have severely caused plaintiff to discontinue engaging in constitutionally protected conduct and is retaliatory, deliberate, arbitrary and capricious, and likewise violates the 8th Amendment to the U.S. Constitution." Plaintiff asks for monetary damages and injunctive relief in the form of having Defendant removed from his job.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore,

dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### Official capacity claims

A *Bivens* claim is a judicially created counterpart to a 42 U.S.C. § 1983 civil rights action and is properly brought only against federal officials, who have allegedly denied a plaintiff's constitutional rights, in their individual capacities. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390-97 (1971); *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself"). "[A] *Bivens* claim [for damages] may not be asserted against a federal officer in his official capacity." *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991). Therefore, the Court will dismiss the official-capacity claim against Defendant.

### Claims regarding alleged rudeness to Plaintiff's family and friend

Plaintiff may only assert those claims, which are personal to him. *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also Coal Operators & Assoc., Inc. v. Babbitt*, 291 F.3d 912, 915-16 (6th Cir. 2002). Thus, to the extent that Plaintiff seeks to assert claims on behalf of his family and friend based on Defendant's alleged rudeness, he lacks standing to do so. Therefore, these claims will be dismissed as frivolous for lack of subject matter jurisdiction. *Babbitt*, 291 F.3d at 915 ("[S]tanding to sue . . . is a jurisdictional requirement.").

*Claim relating to alleged erroneous detainer*

Plaintiff's claim that the detainer that has been lodged against him is erroneous is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court stated that civil tort actions are simply "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. The Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87. The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. If so, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

The Supreme Court has extended *Heck* to bar 42 U.S.C. § 1983 actions that do not directly challenge confinement, but instead contest procedures which necessarily imply unlawful confinement. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997). The rationale in *Heck* applies with equal force to *Bivens* actions. *See Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995); *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995).

If Plaintiff were to succeed on his claim regarding the detainer, it would necessarily demonstrate the invalidity of any future confinement pursuant to the federal sentence. *See Heck*, 512 U.S. at 487. Thus, this claim is barred by *Heck* and related cases unless Plaintiff

demonstrates that he has successfully challenged the federal sentence, which is the basis for the detainer. *See Munofo v. Alexander*, 47 F. App'x 329, 330-31 (6th Cir. 2002). Plaintiff has not done so.

### Claim that Defendant directed jailer to place him in segregation

Plaintiff alleges that "On 3/19/10 the Jailer of the Warren County Regional Jail contacted plaintiff stating that if plaintiff attempted contact with defendant that he, the jailer, was directed by the defendant to place plaintiff in segregation for the duration of his time to remain incarcerated @ WCRJ." He then asserts that "[t]hese prevalent violations have severely caused plaintiff to discontinue engaging in constitutionally protected conduct and is retaliatory, deliberate, arbitrary and capricious and likewise violated the 8th Amendment to the U.S. Constitution."

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.*

Plaintiff does not allege that he was engaged in protected conduct. The "protected conduct" to which Plaintiff points is contacting Defendant, a probation officer.

### III. <u>CONCLUSION</u>

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's claims.

Date:


cc:     Plaintiff, *pro se*
        Defendant
4414.009